IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Plaintiff<br>Zebra Technologies Corporation et al<br>v.<br><br>Defendant<br>Intermec, Inc. | Case No: 12 c 9808<br><br>Judge Virginia M. Kendall |

### ORDER

Motion to dismiss [41] is denied.

(T:)　　　　　　　　　　　　　　**STATEMENT**

Plaintiffs Zebra Technologies Corporation and ZIH Corporation (collectively "Zebra") moved to dismiss Defendants Intermec, Inc. and Intermec IP Corporation's (collectively "Intermec") counterclaims concerning U.S. Patent Nos. 5,892,971 ("the '971 Patent"), 6,158,661 ("the '661 Patent"), and 6,234,395 ("the '395 Patent") for failure to state a claim for induced infringement. (Dkt. No. 41.) Zebra also moved to dismiss Intermec's counterclaims concerning U.S. Patent Nos. 5,463,305 ("the '305 Patent") and 5,696,435 ("the '435 Patent") for failure to state a claim for direct infringement. (*Id.*) Intermec has withdrawn its counterclaims concerning the '305 and '435 Patents. (Dkt. No. 44 at 1.) Because Intermec has pled sufficient factual content from which one could infer the requisite state of mind for induced infringement, this Court denies Zebra's motion concerning the '971, '661, and '395 Patents.

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* This requires enough factual content to create a reasonable expectation that discovery will reveal evidence of wrongdoing. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). For purposes of this motion, this Court accepts Intermec's well-pleaded allegations as true and draws all reasonable inferences in Intermec's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Induced infringement requires that the patentee show not only direct infringement by another but also that the alleged indirect infringer "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). In this context, a patentee may survive a motion to dismiss by pleading facts that support an inference that the alleged indirect infringer specifically intended for another to infringe the patent and knew that the other's acts constituted infringement. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Here, Intermec alleges that Zebra induced infringement of the '971, '661, and '395 Patents. The '971 Patent discloses a "portable battery-powered hand-held data processing device." (*See*, *e.g.*, Ex. I to Dkt. No. 40 at col.36 ll.28-29.) The '661 Patent discloses a "portable bar code reader system." (*See*, *e.g.*, Ex. J to Dkt. No. 40 at col.16 l.26.) The '395 Patent discloses a "battery-powered, code reading system." (*See*, *e.g.*, Ex. K to Dkt. No. 40 at col.16 ll.65.) In other words, the '971, '661, and '395 Patents concern hand-held devices that scan bar codes. According to Intermec, Zebra makes mobile printers (Dkt. No. 40 at ¶ 38) that end users combine with non-Intermec hand-held devices to scan and then print bar codes (*id.* at ¶¶ 118-19, 134-35, and 149-50). Intermec further alleges that Zebra provides instructions that enable end users to use Zebra printers with non-Intermec hand-held devices (*id.* at ¶¶ 120-24, 136-40, and 151-55) even though Zebra knows that the non-Intermec hand-held devices infringe Intermec's patents (*id.* at ¶¶ 118, 134, and 149).

These allegations support reasonable inferences that support a claim for induced infringement. Common sense suggests that Zebra intends to sell as many of its mobile printers as it can. *See Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1352 (Fed. Cir. 2011) (recognizing district court's ability to rely on "judicial experience and common sense" when applying Fed. R. Civ. P. 12(b)(6)). By providing instructions, Zebra tells end users how to use Zebra mobile printers with hand-held devices to scan and then print bar codes. Zebra even touts the benefits of this combination in its promotional and marketing materials. (*See*, *e.g.*, Ex. 1 to Dkt. No. 40 (entitled "Benefiting from Bedside Specimen Labeling").) But Zebra does not specify which hand-held devices to use. One could infer, given Zebra's motivation to sell its mobile printers, that Zebra encourages end users to use non-Intermec hand-held devices that it knows to infringe the '971, '661, and '395 Patents to sell more of its mobile printers. Accordingly, this Court denies Zebra's motion to dismiss Intermec's counterclaims concerning the '971, '661, and '395 Patents.

Date: November 19, 2013 /s/ Virginia M. Kendall